**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-017, <br><br> Plaintiff, <br><br> v. <br><br> ALFREDO FRANCESCO RUFFOLO and CHRISTINE RUFFOLO, <br><br> Defendants. | Civil Action No. 13-0726 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

In December 2010, Plaintiff HSBC Bank USA ("HSBC") commenced this mortgage foreclosure action in New Jersey Superior Court. Defendants Alfredo Francesco Ruffolo and Christine Ruffolo answered HSBC's Complaint in March 2011. The state court presided over the litigation until December 31, 2013, when Defendants, acting *pro se*, abruptly removed the action to this Court. In their Notice of Removal (ECF No. 1), Defendants asserted federal jurisdiction on the basis of "a *federal question*, the threatened actual taking of title and rights to deeded real property without due process."

On January 30, 2014, HSBC filed the pending motion (ECF No. 3) for an order remanding this action to state court and requiring Defendants to pay attorney's fees and expenses associated with removal under 28 U.S.C. § 1447(c). Defendants submitted opposition to the motion (ECF No. 4), and HSBC replied (ECF No. 5). The Court has carefully considered the parties' submissions

and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the motion is granted with respect to remand and denied with respect to attorney's fees.

HSBC's principal challenge to the removal of this matter is procedural. Under 28 U.S.C. § 1446(b), a "notice of removal . . . [must generally] be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading" or summons in a civil action. See Galvanek v. AT&T, Inc., No. 07-2759, 2007 WL 3256701, *2 (D.N.J. Nov. 5, 2007) (noting "that the thirty day period for removal is mandatory and cannot be extended by the court"). HSBC contends that Defendants missed this 30-day removal window by nearly three years.

The documents attached to Defendants' Notice of Removal support HSBC's position. The Complaint (ECF No. 1-2) in this matter is dated December 1, 2010. Although the record does not disclose the date on which Defendants received the Complaint, service must have been effected before Defendants prepared their Answer (ECF No. 1-3), which is dated January 20, 2011. It follows that the 30-day period for removal of this matter expired in February 2011, roughly 34 months before Defendants filed their Notice of Removal. As such, the removal was untimely.

Defendants do not dispute this conclusion. Instead, they contend that this action should be consolidated with the "related" federal action they commenced in January of this year. See Ruffolo v. HSBC Bank USA, N.A., No. 14-638 (D.N.J.). This argument puts the cart before the horse. Rule 42 of the Federal Rules of Civil Procedure provides for the consolidation of cases properly "before the court;" it does not provide an independent basis to remove an action from state court. See Raggio v. Omega Inst., Inc., No. 98-2782, 1998 WL 377904, at *2 (D.N.J. July 2, 1998). Notwithstanding the existence of a related federal matter, the removal of this action was untimely and HSBC is entitled to remand.

Although HSBC requests attorney's fees and expenses, it has not supplied the Court with a factual basis for such an award. *See Wells Fargo Bank, N.A. v. Mastoris*, No. 13-5008, 2013 WL 6154531, at *5 (D.N.J. Nov. 22, 2013) (denying request for expenses incurred in connection with removal where "the Plaintiff ha[d] not submitted an affidavit in support of its application"). In the absence of this information, HSBC's application for attorney's fees and expenses is denied.

IT IS on this 8th day of September, 2014, hereby **ORDERED** that:

1. This action is remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447.

2. The Clerk of the Court will terminate all pending motions and mark this matter closed.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE